```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF TEXAS
             HOUSTON DIVISION
```

```
TOMMIE JOHNSON,                  §
TDCJ-CID NO. 1205753,            §
                                 §
          Plaintiff,             §
                                 §
v.                               §   CIVIL ACTION NO. H-09-3846
                                 §
HARRIS COUNTY PROBATION          §
DEPT., et al.,                   §
                                 §
          Defendants.            §
```

## MEMORANDUM OPINION AND ORDER

Tommie Johnson, a prison inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a prisoner civil rights complaint against the Harris County Probation Department, the Harris County District Attorney's Office, and the Harris County Criminal District Courts. Johnson claims that the defendants conspired to revoke his probation based on false evidence. He claims that the prosecutors were related to families who wanted him sent to prison so that they could kill him while he is incarcerated or after he is released. (Docket Entry No. 1 at 3) Johnson alleges that four families with connections to the criminal justice system and the state hospital system have applied a neurotransmitter to him, which has caused his sleeping disorder and other health problems. He asks that this court grant him parole "before these families kill me in these Radiant Energy Cells." Id. at 4.

Johnson's request for release has no legal basis in a civil rights action.  Such relief must be sought in a petition for a writ of habeas corpus.  Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994).  Johnson can only file a petition for a writ of habeas corpus in federal court if he has exhausted all available state remedies.  28 U.S.C. § 2254(b); Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998).  Exhaustion requires that Johnson present his federal claims to the highest court of the state either in a petition for discretionary review (PDR) or an application for a writ of habeas corpus.  Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990).  In Texas the Court of Criminal Appeals is the court of final review regarding criminal matters.  TEX. CODE CRIM. PROC. ANN., art. 4.04 § 2 (Vernon 2005).  Johnson has not alleged or shown that he has properly brought his claims before the Court of Criminal Appeals.  Nor is there any record on the Court of Criminal Appeals website (www.cca.courts.tx.us) or Westlaw that indicates that either a PDR or state habeas application has been filed.  Therefore, Johnson's request for a release cannot be considered in federal court.

Apart from seeking relief that is unavailable in a civil rights proceeding, Johnson's pleadings indicate that he suffers delusions and paranoia.  Included with his complaint is a letter to the court that he believes will support his case:

Dear Federal Court,

    This letter will prove that this was a premeditated plot by these families (Williams, Atkin, Dickingson, Dicken), furthermore, these four families are related. Beside, in the 50's the Dickingson family were found guilty of federal crimes. Now, they have a larger family that is branched throughout Texas Criminal Justice System. Yeah, and they're breaking federal laws, but their relatives assist in covering up this criminal activity. These families created medical problems for me during childhood after they applied a integrated circuit and nerve fiber to my body without permission. Than, at Yale Hospital in 1992, these families created health problems that changed my life. They caused a sleeping disorder, by weakening my nervous system and gaining control of my heart beat. Next, while on probation these families arranged for me to complete community service at the Crofton Inn (own by the Dickingson family). They placed relatives around me at the probation office and at all of my employers. They were at every doctor office that I visited. Plus, they sold me a Mazda Protégé at Ennis Cabell Chevrolet Dealership. Beside, they sold me my first home at Keller Williams, and financed it with North American Mortgage Company (own by the Dickingson family). These families set me up for failure because they conspired against me in Michael Wilkingson Courtroom (179th) and in Joan Campbell Courtroom (248th), where I ended up in prison twice. Because these families want to prevent exposure of this criminal activity, moreso, because they were killing me before entering prison. Now, they're threatening to kill me in these Electromagnetic Radiation (Radiant Energy) cells. Plus, they're stealing my mail (magazines) and giving them to other inmates. Than, they're stealing money from my trust fund account. I need these issues addressed immediately, so please don't delay!

                                        Sincerely,
                                        [signature]

Although pleadings submitted by <u>pro se</u> litigants are not held to the same standards as those from trained attorneys, courts are not obligated to entertain claims that are delusional. See <u>Prewitt v. United States Postal Serv.</u>, 754 F.2d 641, 641 (5th Cir. 1985)

("[W]e stand at the gate of the realms of fantasy.  We decline to enter in."). Johnson is incarcerated and has not paid the fee to file this action.  Such actions may be dismissed if they have no arguable basis in law or fact.  28 U.S.C. § 1915(e); 28 U.S.C. § 1915A; Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).  A complaint has no arguable basis in law if it seeks relief that does not exist.  See McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997).  Claims are factually frivolous when they are based on factual allegations that are delusional, fantastic, or clearly baseless.  Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992).  Not only does Johnson seek relief that is not available in a civil rights proceeding, he asserts facts that are incredible. Consequently, this action will be dismissed as frivolous.  Id.

Although he has not filed an Application to Proceed In Forma Pauperis, Johnson shall be ordered to pay the fee incurred for filing this action because he is an incarcerated individual complaining about his confinement.  Hatchet v. Nettles, 201 F.3d 651 (5th Cir. 2000).  The TDCJ-CID Inmate Trust fund shall be ordered to withdraw twenty percent of each deposit made to Johnson's inmate trust account until the entire fee ($350.00) has been paid.

## Conclusion

The court **ORDERS** the following:

1. This Prisoner Civil Rights Complaint filed by Inmate Tommie Johnson, TDCJ-CID No. 1205753, is

-4-

        **DISMISSED with prejudice** because it is frivolous. 28 U.S.C. § 1915A.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from Johnson's inmate trust account and forward them to the Clerk on a regular basis in compliance with the provisions of 28 U.S.C. § 1915(b) and the terms of this Memorandum Opinion and Order until the entire filing fee ($350.00) has been paid.

3. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ – Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number 936-437-4793; and the Pro Se Clerk, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 10th day of December, 2009.

                                                  SIM LAKE
                                    UNITED STATES DISTRICT JUDGE